NORTH AMERICAN DREDGING CO. OF NEVADA v. STATE. (No. 7486.)

(Court of Civil Appeals of Texas. Galveston. Jan. 10, 1918.)

Error from District Court, Galveston County; Clay S. Briggs, Judge.

Suit by the State of Texas against the North American Dredging Company of Nevada. Judgment for plaintiff, and defendant brings error. Affirmed.

Stewarts, of Galveston, for plaintiff in error. W. E. Cranford, Asst. Co. Atty., of Galveston, for the State.

PLEASANTS, C. J. This appeal is from a judgment of the court below in favor of defendant in error against plaintiff in error for the sum of $1,329.99.

The suit was brought by defendant in error against plaintiff in error to recover taxes alleged to be due by the latter for the year 1911. The case was tried in the court below upon the following agreed statement of facts:

"This action is based upon a real dispute between the parties herein and in order to avoid the expense incident to the production in open court of testimony upon the various issues raised by the pleadings it is stipulated and agreed that the case be tried wholly upon the following statement of facts in lieu of all other evidence:

"I. The defendant, North American Dredging Company, is a private corporation organized under the laws of the state of Nevada, and not elsewhere, and that it has never been a resident of the state of Texas, or had its domicile therein, or been by the laws of Texas authorized to do business in such state.

"II. The inventory of property and statement of taxes attached hereto as Exhibits A and B, respectively, are by the terms of this stipulation made a part hereof to be read as proof of all the matters of fact therein set out, except that nothing therein contained shall be considered as proof or an admission on the part of the defendant of liability for the payment of the amount claimed or any part thereof.

"III. That the taxes in controversy rendered and assessed were so assessed by duly qualified and proper representatives of the state under proper authorization, and such assessment has been approved by the county commissioners' court of Galveston county, Tex.

"IV. That such taxes are unpaid, and the institution of this suit for the recovery thereof has been duly authorized.

"V. That, with the exception of the automobile described in Exhibit A, heretofore referred to, all of the other property therein described, consisting of a dredge plant, machinery, pipe, equipment, etc., consisted of or were a part of the equipment of a movable seagoing dredgeboat plant, which dredgeboat was at all the times mentioned in the pleadings in this case engaged in the performance of a dredging contract in Galveston Bay in pursuance of the business of the defendant, which consists of using its dredgeboats for dredging purposes in all navigable waters of the various states of the United States, and in foreign countries and waters, and that the said dredgeboat and equipment had for its home port the domicile and residence of the defendant corporation, which was and is in the state of Nevada, and that it was not under registry or enrollment by the collector of any port of the United States situated in the state of Texas. [Signed] H. H. Treaccar, Assistant County Atty., Attorney for the State of Texas. Stewarts, Attorneys for North American Dredging Co.

"Exhibit A.—Inventory of Property.

"Owned by North American Dredging Co. of Texas, and Rendered for Assessment of Taxes for the Year 1911 by C. N. Hopkins to F. McC. Nichols, Assessor of Galveston County, State of Texas.

"List of Personal Property.

"Carriages, buggies, wagons, etc., auto 123, value $500.00.

"Value of all property of companies and corporations other than the property hereinbefore enumerated, dredge plant, machinery, pipe, equipment, etc., $15,000.00.

"State of Texas, County of Galveston.

"I, C. N. Hopkins, do solemnly swear (or affirm) that the above inventory rendered by me contains a full, true, and complete list of all taxable property owned or held by me in my name for North American Dredging Company in this county, and personal property not in this county, subject to taxation in this county by the laws of this state on the 1st day of January, A. D. 1911, and that I have true answers made to all questions propounded to me touching the same; so help me God.

"[Signed]      C. N. Hopkins,
"Secty., N. A. D. Co.

"Subscribed and sworn to before me this 27th day of Feby. 1911.

"F. McC. Nichols,
"Tax Assessor, Galveston County."

This suit was defended by the North American Dredging Company of Nevada on the grounds: First, that no assessment or rendition for taxation of its personal property having been made, it cannot be called upon to pay taxes thereon; second, that the property of a man resident of Texas which has not acquired an actual situs in the state is not subject to taxation in Texas.

The first assignment of error is as follows: "The court erred in rendering judgment for the plaintiff and against the defendant, for the reason that the evidence in the case conclusively proves that there has never been any assessment or rendition of the property of the defendant for taxes, and in the absence of such assessment or rendition the defendant cannot legally be required to pay taxes on such unassessed and unrendered property."

The second assignment is: "The court erred in rendering judgment for the plaintiff and against the defendant, for the reason that the judgment rendered is for taxes upon property having no taxable situs in the state of Texas."

The questions presented by these assignments are identical with those presented and decided by this court in the Case of North American Dredging Company of Nevada, a companion case to this and this day decided by us. 201 S. W. 1065. For the reasons stated in the opinion in the case referred to we hold that both of the assignments above set out should be overruled.

No other assignment is presented. It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.