Stoddert *vs.* Ward.

---

(*Decided 21st December, 1869.*)

---

JOHN T. STODDERT *vs.* JOSEPH F. WARD, Collector, and the COUNTY COMMISSIONERS of Charles County.

*Power of Courts of Equity to interfere to set aside a Tax —Residence under the Tax Laws.*

S filed a bill for injunction to stay the Commissioners of C. county from collecting from him taxes under the county levy, on the ground that they had not caused all property of every description liable to be taxed, to be assessed, as required by the Act of 1867, chap. 341, secs. 3 and 4. The bill charged a failure on the part of the Commissioners to ascertain "from banking institutions and other corporations full and complete lists of such property." HELD:

1st. That, in the execution of the revenue laws, the Constitution and Acts of Assembly have provided for the selection of certain public officers charged with the duty of assessing and collecting the public taxes; and if any errors, omissions, or irregularities, occur in the discharge of their duties, such errors may be corrected by the means which the tax laws provide.

2d. Tax assessments ought not to be vacated, and property liable to be taxed, released altogether, because the public officers have not strictly followed the provisions of the law which are merely directory.

Stoddert *vs.* Ward.

3d. A court of equity cannot interfere, for such cause, to relieve a party from the payment of taxes assessed upon his property by the proper authority.

A change of domicil, so far as it respects the question of taxation, cannot be effected by intention alone without actual removal.

So long as a person continues in fact to reside in a county, he is liable to taxation as a citizen thereof; and the levy of the year being completed while he so continues to reside in the county and before he removes therefrom, he is chargeable with the taxes for that year.

APPEAL from the Circuit Court for Charles County, in Equity.

The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Peter W. Crain,* for the appellant.

The Commissioners of Charles county neglected and failed to have the Act of 1867, ch. 341, complied with or executed in Charles county. That Act was supplementary to the general assessment Act of 1866, ch. 157, and the execution of it was as binding on the Commissioners of Charles county, as the Act of 1866, ch. 157; and until said Act was executed and enforced, the Commissioners had no legal right to make a levy on a portion of the taxable property of Charles county. *State vs. Milburn et al.,* 9 *Gill,* 103 ; *State vs. Mayhew,* 2 *Gill,* 487 ; *Code, Art.* 81, *sec.* 123.   Before the Commissioners made their levy for the year 1869, the appellant informed them of his removal from Charles county to Baltimore city, and therefore, on his removal to Baltimore city, his real estate was only taxable there.   *Code, Art.* 81, *secs.* 13, 18, 19, 20, 22, 23 ; *Latrobe vs. The Mayor and City Council of Baltimore,* 19 *Md.,* 13; *Art.* 28 *of the Code, sec.* 4.

*Vivian Brent,* for the appellees.

The County Commissioners of Charles county have com-

plied with the requirements of the Act of 1867, ch. 341, and especially of sections 3 and 4 of said Act. *Acts of* 1866, *ch.* 157; 1867, *ch.* 341; 1867, 356. The appellant had not removed from Charles county, but resided there, and was there liable to taxation. *Constitution, Art.* 3, *sec.* 51; *Parsons on Contracts,* 91 *and n. x ; Code, Art.* 81, *secs.* 18 *and* 19 ; *Act of* 1866, *ch.* 157, *sec.* 12. As to time of assessment. *Code, Art.* 28, *sec.* 4 ; *Art.* 81, *secs.* 27, 38 *and* 39.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Charles County, refusing to grant an injunction, restraining the appellees from collecting from the appellant, taxes under the county levy for the year 1869.

The application for the injunction is based on two grounds.

1st. That the County Commissioners have failed to comply with the requirements of the Act of Assembly of 1867, ch. 341, secs. 3 and 4.

2d. That prior to the levy for the year 1869, the complainant had ceased to be a resident of Charles county, and was not subject to taxation in that county in respect to certain stock owned by him, and included in the levy.

1st. The alleged failure of the Commissioners to comply with the requirements of the Act of 1867, as averred in the bill and stated in argument, is supposed to consist in their alleged omission to execute the provisions of the 3d and 4th sections, by causing *all property of every description liable to taxation to be assessed ;* and especially their omission, as alleged, to ascertain, as directed by the Act, " from banking institutions, and other corporations, full and complete lists of all such property, held by the citizens of Charles county." The bill charges that they have not executed the law, and that many persons holding such property have thereby been exonerated from paying and contributing their just and proper share to the sup-

port of the county charges. And consequently the appellant has been required to contribute more than his just and equal proportion to the support of the government.

There is no specification of any property which was liable to taxation and not assessed; the allegation in the bill is in general terms, charging substantially that by the provisions of the Act it is made the duty of the Commissioners to cause all property to be assessed, and that all has not been included in the assessment.

Under any revenue system that can be devised, some of the property of the citizens will escape taxation, especially such as is intangible, consisting of public and private securities, the evidences of which are only in the possession of the taxpayer, who has not the honesty to make them known to the officers of the law. No skill in the framing of the tax laws, or vigilance in their execution, can entirely prevent frauds upon the public revenue committed by parties concealing from the assessment property lawfully taxable.

In the execution of the revenue laws the Constitution and the Acts of Assembly have provided for the selection of certain public officers charged with the duty of assessing and collecting the public taxes; if any errors, omissions, or irregularities occur in the discharge of their duties, such errors may be corrected by the means which the tax laws provide. "Tax assessments ought not to be vacated, and property liable to taxation, released altogether because the public officers have not strictly followed the provisions of the law, which are merely directory; assessments are not invalid, if such directions are not complied with." *O'Neal vs. The Bridge Company*, 18 *Md.*, 1.

In that case it was decided that a Court of Chancery cannot interfere for such cause to relieve a party from the payment of taxes assessed upon his property by the proper authority.

2d. Does it appear by the averments in the bill, and the

exhibits filed therewith, that the appellant was not a citizen of Charles county when the levy for 1869 was made?

He was owner of $90,000 of the stock debt of the city of Baltimore, and would not be liable to be assessed and taxed thereon in Charles county in 1869, if before the levy for that year was completed he had actually removed from the county, and had furnished to the Commissioners the requisite evidence of such removal.

By the Act of 1866, ch. 157, sec. 9, it is provided that "all property owned by residents of this State, and not permanently located elsewhere within the State, shall be assessed to the owner, in the county or city where he resides."

Previous to the year 1869, the appellant had long been a resident of Charles county, and had been assessed and paid taxes on his property as such.

Early in the year 1869 he resolved to change his residence and remove to the city of Baltimore.

In his letter to the Commissioners, exhibited with the bill of complaint, dated March 22d, 1869, he says, "I have this day received information (which I have sought for, two months in vain), which determines me on removing to the city of Baltimore;" asking them to apportion his taxes for 1869, and stating that his farm, horses, cattle, &c., will be the only property subject to county taxation. "The city stock and other personal property attaches to the domicil of the owners."

After this letter he continued in Charles county, with the intention to remove to Baltimore *but not actually removing*, till the 17th day of April, 1869, when he addressed another letter to the Commissioners, upon the subject of the proof required by them with regard to his residence, and stating, "I should have been residing in Baltimore in person, not in person and intent only, six weeks ago, if my daughter's illness of three weeks and more, following of five weeks, had not detained me here."

Stoddert *vs.* Ward.

In reply to this letter, the Commissioners by their clerk, addressed a letter to the appellant, dated April 27th, 1869, saying:

"Your favor of the 17th was to-day submitted to the Board of County Commissioners, and they direct me to inform you, that your application for a deduction on your taxable property came too late for this year, as they had already held their term for changing, and making abatements on the assessable property for the year."

The only additional evidence furnished by the record, as to the time of the actual removal of the appellant to Baltimore, is a letter addressed to the Clerk of the Board of Commissioners by John H. Barnes, register of Baltimore city, dated May 14th, 1869, saying:

"In the month of January of the current year, John T. Stoddert, Esq., of your county, communicated to me by letter his intention to remove to our city immediately, and make it his future home, and register his personal property here.

"In pursuance of such purpose, he has reported himself to me as a citizen of Baltimore, and his stocks are registered upon our books."

From this statement of facts, as disclosed by the bill and exhibits, it is apparent that the appellant continued in fact to reside in Charles county until as late as the 27th day of April, or perhaps till some time in May, on or about the 14th. It is also evident that he had the fixed intention to remove to Baltimore as early as the 22d day of March, or perhaps before that time; and the error into which he seems to have fallen, is that in a case like this, the question of domicil depends merely upon intention, and that he ceased to be a citizen of Charles county, liable to taxation as such, so soon as he determined to remove from the county, and communicated that purpose to the Commissioners.

In this view we think he was in error. In our judg-

ment his change of domicil, so far as it respects the question of taxation, could not be effected by intention alone, and without actual removal.

. So long as he continued in fact to reside in Charles county, he was liable to taxation as a citizen thereof; and the levy for the year 1869 having been completed while he so continued to reside in the county, and before he removed therefrom, he is chargeable with the taxes assessed for that year, and the injunction was properly refused.

*Order affirmed.*

(Decided 22d December, 1869.)