# Trammell *v.* Connor.

### *Statutory Detinue against Tax-Collector.*

1. *Local taxation of personal property.*—Personal property may acquire such a local *situs* in the county in which it is kept and used, as to become liable to taxation there, although the owner resides in another county, and has there returned it for taxation; as, a portable saw-mill, and a yoke of oxen used in connection with it.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES R. DOWDELL.

This action was brought by R. J. Trammell against T. Y. Connor, to recover a yoke of oxen, with damages for their detention; and was commenced on the 27th May, 1890. The case was submitted to the court for decision, on an agreed statement of facts, as follows: "Plaintiff owns a steam saw-mill, and a yoke of oxen; the mill being a portable one, and located in Macon county for nearly three years. The mill is located on land that is not owned, operated or leased by plaintiff, and has been so situated since it has been in said county; it is not a permanent fixture, and is in no way a part of the realty to which it is attached. It is a portable mill, and was operated

[Trammell v. Connor.]

by plaintiff in other counties prior to being brought to Macon. The oxen have accompanied the mill when moved about. On January 1st, 1889, said mill and oxen, being in Macon county, were assessed for taxes by the assessor of that county. Plaintiff had previously returned said property in his return to the assessor of Lee county, in which county he resided, and paid the taxes thereon to the tax-collector of Lee county. On demand being made for said taxes by the defendant, who was the tax-collector of Macon county, plaintiff refused to pay the same; and thereupon defendant levied on said yoke of oxen, which are of the value of sixty dollars, and of the rental value of five dollars per year, to satisfy said taxes; and having advertised said property for sale, this action was brought by plaintiff to recover it, he claiming that it was not liable to taxation in said county of Macon. Plaintiff resides in Opelika, Lee county, and owns no land in Macon county."

On these facts, the court rendered judgment for the defendant; to which plaintiff excepted, and he now assigns it as error.

HARRISON & LIGON, for appellant.

W. F. FOSTER, contra.

CLOPTON, J.—The sole question is, whether personal property of appellant, located in Macon county, was liable to taxation in that county, or in the county of Lee, where appellant resided. As regards the place at which tangible personal property is assessable for taxes, the courts have generally discarded the legal fiction, that such property follows the domicil of the owner, and hold that it may have an actual *situs* independent of the owner's residence, constituting the condition which subjects it to taxation.—*State v. Falkinburge*, 15 N. J. L. 320; *Oakland v. Whipple*, 39 Cal. 112; *Barnes v. Woodbury*, 17 Nev. 383; *State v. St. Louis Co. Const.*, 47 Mo. 594. An analysis and comparison of the several provisions of the revenue laws show their general scope and import to be, that personal property, susceptible of locality, shall be assessed like real property, in the county in which it has a location partaking of permanency. It is true, the law contemplates that personalty will generally be found in the county of the owner's residence, and is framed upon that general basis; but they also contemplate and provide for cases where personal property has an actual *situs* in a county other than that of the domicil of the owner.

Unquestionably, tangible personal property, belonging to a

[Trammell v. Connor.]

non-resident, which has a *situs* in this State, so as to require the continued protection of its laws, and enjoying its peculiar advantages, is liable to taxation at its locality. The foregoing construction extends this principle to counties of the State, which have their local expenses and benefits.—*State v. Falkinburge, supra.* This extension of the principle seems to follow from some of the provisions of the general law. We give two illustrations. The duty is imposed upon the Court of County Commissioners, "to levy the amount of taxes required for expenses of the county for the current year, not to exceed one half of one per-cent. upon the values in said counties assessed for revenue to the State, as shown by the book of assessments after the same shall have been corrected."—Acts 1886–7, 13. All the property in the county, taxable for State purposes, is subject to the levy of taxes for county purposes, in order to bear its proportion of the local burdens and expenses. Unless assessed for State taxation, it escapes the county taxes, for, in fixing the rate, the Court of County Commissioners must be governed by the values shown by the State assessments.

By section 470 of the Code, each tax-payer is required to attend the appointments of the assessor in his election precinct, and render to him in writing a complete list of all the items, and the value of each item, upon which he is liable to be taxed, on which he shall subscribe an affidavit as provided. But, by section 474, when the tax-payer resides out of the county, he is expressly excepted from the foregoing general requirement, and may send his list duly sworn to, by another person, or such list may be rendered by an agent having knowledge of his taxable property. The latter section evidently contemplates and provides for cases where the owner resides in one county and has taxable property in another, and is framed upon the basis that tangible personal property may have a *situs* which is not controlled by the residence of the owner. Whether he resides in or out of the county, he must render in person, or by an agent, a complete list of all taxable items, as required by section 470, to the assessor of the county in which the property is situated. The same provisions are substantially re-enacted by the amendatory act of February 28, 1887.—Acts, 1886–7, p. 6.

This construction was put upon the law by the officers charged with its administration, contemporaneously with putting it into operation, and is the course of proceeding under substantial re-enactments of the same provisions ; and as said by an eminent jurist : "When the law has contemporaneously been put into operation, and in doing so a construction

[Harmon v. McRae.]

has necessarily been put upon it, this construction, especially if followed for some considerable period, is entitled to great respect, as being very probably a true expression of the legislative purposes, and is not lightly to be overruled."—Cooley on Tax. 264.

In order, however, to render the property liable to taxation, its *situs* must be permanent in its nature, though not so permanent as real estate; it must have no actual location elsewhere. Property *in transitu*, or temporarily in the county, is not subject to assessment, merely because it happens to be in the county on the day the assessment commences. It appears from the agreed facts, that the property, which consisted of a portable saw-mill and oxen, had been located and used in Macon county for nearly three years. This imports permanency of the location. The erroneous assessment of the property in Lee county does not supersede the authority of the assessor of Macon county.—*State v. St. Louis Co. Const., supra.*

Affirmed.