[S. F. 3783. In Bank.—January 3, 1907.]

## CALIFORNIA SHIPPING COMPANY, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

TAXATION—ASSESSMENT OF COMMERCIAL VESSELS—REGISTRY AT DOMICILE OF OWNER.—Vessels employed in foreign or interstate commerce, which had not by the manner of their use acquired an actual *situs* elsewhere, are properly assessed for taxation at San Francisco, the port of the domicile of their sole owner, where they are registered under the laws of the United States, regardless of the fact that they were outside of the waters of the State from a date preceding the first Monday in March in the year of the assessment and at the time of the assessment and collection of the tax, and that some of them had never been within its waters.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Charles E. Taylor, and William P. Hubbard, for Appellant.

Franklin K. Lane, City Attorney, Percy V. Long, City Attorney, and W. I. Brobeck, Assistant City Attorney, for Respondent.

ANGELLOTTI, J.—This is an action to recover taxes paid by plaintiff under protest, which had been assessed and levied by defendant for the fiscal year ending June 30, 1903, upon seventeen vessels owned by plaintiff. A demurrer to the

complaint was sustained, and, plaintiff having failed to amend, judgment was given for defendant. Plaintiff appeals from such judgment.

The complaint shows that the plaintiff is a corporation organized and existing under the laws of this state, and was on the first Monday of March, 1902, and ever since has been, the sole owner of all of said vessels. All of said vessels were registered under the laws of the United States at the port of San Francisco, in this state. The allegation as to each of said vessels, relied upon to show that the same was not assessable in this state, is one to the effect that the vessel was not at twelve o'clock M. on the first Monday in March, 1902, or thereafter and prior to the filing of the complaint herein (December 18, 1902), actually within the waters of the state of California, but was at all said times without the waters of such state. As to some of said vessels, it was alleged that the same had never been actually within the waters of this state, while as to others the allegation was that they had not been within the waters since a date preceding said first Monday of March, 1902. As to none of said vessels were facts alleged showing that the same had acquired an actual *situs* outside of the state of California, or that it was not engaged solely in foreign or interstate commerce. Nor was there any allegation to the effect that the city and county of San Francisco was not the domicile or place of residence of the sole owner of all of these vessels.

The complaint, then, presented the simple case of vessels which had not by the manner of their use acquired an actual *situs* elsewhere, but which were employed in foreign or interstate commerce, and assessed at the domicile or residence of their sole owner, at which place they were actually registered under the laws of the United States.

That such assessment was proper is fully established by the authorities. (See *Olson* v. *City and County of San Francisco*, 148 Cal. 80, [82 Pac. 850], and cases therein cited. See, also, *Ayer & Lord Tie Co.* v. *Kentucky*, 202 U. S. 409, [26 Sup. Ct. 679], and cases there cited.)

The judgment is affirmed.

Shaw, J., Henshaw, J., Sloss, J., McFarland, J., Lorigan, J., and Beatty, C. J., concurred.