THE AMERICAN MAIL STEAMSHIP COMPANY v. CROWELL, COLLECTOR, ET AL.

Submitted December 6, 1907—Decided February 24, 1908.

1. Vessels owned by a New Jersey corporation having its principal office in one county are not taxable in a municipality in another county, although registered pursuant to act of congress in the latter municipality.

2. This state has no power to authorize the assessment for taxation of vessels which have never been in the waters of the state.

On *certiorari.*

Before Justices SWAYZE and TRENCHARD.

For the prosecutor, *Griggs & Harding.*

For the defendants, *Charles C. Hommann.*

The opinion of the court was delivered by

SWAYZE, J.  The Middlesex county board of taxation assessed three steamships as taxable in the city of Perth Amboy, a port of entry in which the vessels were registered pursuant to the acts of congress.  Upon appeal, the state board of equalization of taxes affirmed the assessment.  The vessels were engaged in trade between the ports of Philadelphia and Boston and the West Indies, and they have never been within the city of Perth Amboy or the county of Middlesex or the State of New Jersey.  The principal office of the corporation owning them is, and always has been, at Plainfield, in the county of Union.

In a similar case we have held that the vessels were taxable in the township, ward or taxing district where the owner resides.  *Wheaton* v. *Mickel,* 34 *Vroom* 525.  And taxes for personal property cannot be levied on an inhabitant of this state elsewhere than at the place of his residence, unless it appear that the property was visible and was found in the taxing district on the day prescribed by law for commencing the assessment.  *Shillingsburg* v. *Ridgway, Collector,* 40 *Id.* 113.  The Supreme Court of the United States has recently decided that the place of enrollment of a vessel is irrelevant to the question of taxation, because the power of taxation of vessels depends either upon the actual domicile of the owner or the permanent *situs* of the property within the taxing jurisdiction.  *Ayer & Lord Co.* v. *Kentucky,* 202 *U. S.* 409.  Our Tax act enacts that corporations of this state (*Pamph. L.* 1903, *p.* 394, § 16) shall be regarded as residents. and inhabitants of the taxing district where their chief office is located.  These decisions make it clear that the vessels in question were not taxable in Perth Amboy.

If the judgment of the state board of equalization had been duly brought before us by a return to a writ directed to them in accordance with the practice indicated in *Royal Manufacturing Co.* v. *Rahway,* 46 *Vroom* 416, which was decided after the present writ was allowed, it would be unnecessary to say more. We think, however, that the present case is not within the class referred to in that decision, for the reason that the state had no power to authorize the assessment for taxation of vessels which were never in the waters of the state. The Supreme Court of the United States has held that an attempt on the part of the state in which the owner is domiciled to tax such property amounts to a deprivation of property without due process of law within the purview of the fourteenth amendment. *Union Transit Co.* v. *Kentucky,* 199 *U. S.* 194. By that decision we are bound.

The taxes must therefore be set aside, with costs.