NORTH AMERICAN DREDGING CO. OF NEVADA v. STATE. (No. 7485.)

(Court of Civil Appeals of Texas. Galveston. Jan. 10, 1918.)

1. TAXATION ⊂═⊃593(3)—ACTIONS FOR TAXES —AGREED STATEMENT OF FACTS.

An action for taxes was brought against the N. Company, and the petition alleged that defendant was incorporated under the laws of Nevada. Defendant answered under the name of the N. Company of Nevada without suggesting a misnomer. An agreed statement of facts stated that the defendant N. Company was organized under the laws of Nevada; that an inventory of property and statement of taxes attached thereto were made a part thereof; that the taxes in controversy were assessed by duly qualified and proper officers, and the assessment had been approved by the county commissioners' court; that the taxes were unpaid; and that the property consisted of a dredging plant and its equipment, which were engaged in the performance of a dredging contract in Galveston Bay in pursuance of the business of the defendant. The inventory mentioned indicated that it was made in the name of the N. Company of Texas, but there was nothing else to show that there were two companies of that name. Held, that, while the facts shown by the agreed statement were meager, they were sufficient to sustain a finding that the property rendered and assessed and upon which the taxes were due was the property of defendant and was duly rendered and assessed.

2. TAXATION ⊚═⊃593(3)—ACTIONS FOR TAXES— AGREED STATEMENT OF FACTS.

The statement in the agreed statement of facts that the property was engaged in the performance of a dredging contract in pursuance of the business of defendant was an admission that the property upon which the assessment was made was defendant's property.

3. PLEADING ⊚═⊃290(2) — VERIFICATION—NECESSITY OF ANSWER UNDER OATH.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1906, subd. 8, requires the answer to be verified, where it contains a denial of the execution by defendant of an instrument in writing upon which any pleading is founded and which is charged to have been executed by him or by his authority. Article 3710 provides that, when any petition or answer is founded in whole or in part on any instrument in writing, charged to have been executed by the other party, such instrument shall be received as evidence without proof of its execution, unless the party by whose authority the instrument is charged to have been executed shall file his affidavit in writing denying its execution. Held, that an allegation in the petition that the taxes were duly and lawfully assessed and levied, as shown by exhibits thereto attached and made a part thereof, was, in the absence of a special exception, an allegation that the N. Company, against whom the suit was brought, made the rendition shown by one of the exhibits, and where defendant answered without objection to the name given in the petition, if the rendition was not made by it or its authority, it should have so pleaded under oath, and, having failed to make such a plea, could not deny that it made the rendition.

4. TAXATION ⊚═⊃93(5)—PROPERTY SUBJECT TO TAXATION—PROPERTY OF NONRESIDENT.

A state cannot levy taxes upon personal property of a nonresident temporarily within its borders.

5. TAXATION ⊚═⊃98 — PROPERTY SUBJECT TO TAXATION—VESSELS AND BOATS.

A vessel plying between ports of different states engaged in coastwise trade has its situs for taxation at the domicile of its owner, unless it has acquired an actual situs in another state.

6. TAXATION ⊚═⊃593(2)—ACTIONS FOR TAXES— BURDEN OF PROOF.

Where a dredgeboat and its equipment, owned by a Nevada corporation, was in the state of Texas and rendered for taxation by the corporation, the burden was on it when sued for the taxes to show that the property was not taxable in Texas, which burden was not sustained where it did not appear how long the dredge had been in Texas or that it was ever used elsewhere than in the county where it was assessed, and it was only shown that the corporation's business consisted of using its dredgeboats for dredging purposes in all navigable waters of the various states and in foreign countries and waters.

Error from District Court, Galveston County; Clay S. Briggs, Judge.

Action by the State of Texas against the North American Dredging Company of Nevada. Judgment for plaintiff, and defendant brings error. Affirmed.

Stewarts, of Galveston, for ·plaintiff in error. W. E. Cranford, Asst. Co. Atty., of Galveston, for the State.

PLEASANTS, C. J. This appeal is from a judgment of the court below in favor of defendant in error against plaintiff in error for the sum of $1,275.99.

The suit was brought by defendant in error against plaintiff in error to recover taxes alleged to be due by the latter for the year 1910. The case was tried in the court below upon the following agreed statement of facts:

"This action is based upon a real dispute between the parties herein, and in order to avoid the expense incident to the production in open court of testimony upon the various issues raised by the pleadings it is stipulated and agreed that the case be tried wholly upon the following statement of facts in lieu of all other evidence:

"I. The defendant, North American Dredging Company, is a private corporation organized under the laws of the state of Nevada, and not elsewhere, and that it has never been a resident of the state of Texas, or had its domicile therein, or been by the laws of Texas authorized to do business in such state.

"II. The inventory of property and statement of taxes attached hereto as Exhibits A and B, respectively, are by the terms of this stipulation made a part hereof, to be read as proof of all the matters of fact therein set out, except that nothing therein contained shall be considered as proof, or as an admission on the part of the defendant of liability for the payment of the amount claimed or any part thereof.

"III. That the taxes in controversy rendered and assessed were so assessed by duly qualified and proper representatives of the state under proper authorization, and such assessment has. been approved by the county commissioners court of Galveston county, Tex.

"IV. That such taxes are unpaid, and the. institution of this suit for the recovery thereof has been duly authorized.

"V. That, with the exception of the automobile described in Exhibit A, heretofore referred to, all of the other property therein described, consisting of a dredge plant, machinery, pipe, equipment, etc., consisted of or were a part of the equipment of a movable seagoing dredgeboat plant, which dredgeboat was at all the times mentioned in the pleadings in this case engaged in the performance of a dredging contract in

───────────────────────────────

⊚═⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes ·

Galveston Bay in pursuance of the business of the defendant, which consists of using its dredge-boats for dredging purposes in all navigable waters of the various states of the United States, and in foreign countries and waters, and that the said dredgeboat and equipment had for its home port the domicile and residence of the defendant corporation, which was and is in the state of Nevada, and that it was not under registry or enrollment by the collector of any port of the United States situated in the state of Texas. [Signed] H. H. Treaccar, Assistant County Atty., Attorney for the State of Texas. Stewarts, Attorneys for North American Dredging Co.

"Exhibit A.—Inventory of Property.

"Owned by North American Dredging Co. of Texas, and Rendered for Assessment of Taxes for the Year 1911 by C. N. Hopkins to F. McC. Nichols, Assessor of Galveston County, State of Texas.

"List of Personal Property.

"Carriages, buggies, wagons, etc., auto 123, value $500.00.

"Value of all property of companies and corporations other than the property hereinbefore enumerated, dredge plant, machinery, pipe, equipment, etc., $15,000.00.

"State of Texas, County of Galveston.

"I, C. N. Hopkins, do solemnly swear (or affirm) that the above inventory rendered by me contains a full, true, and complete list of all taxable property owned or held by me in my name for North American Dredging Company in this county, and personal property not in this county, subject to taxation in this county by the laws of this state on the 1st day of January, A. D. 1911, and that I have true answers made to all questions propounded to me touching the same; so help me God.

"[Signed]      C. N. Hopkins,
     "Secty., N. A. D. Co.

"Subscribed and sworn to before me this 27th day of Feby. 1911.

     "F. McC. Nichols, Tax Assessor,
     "Galveston County."

This suit was defended by the North American Dredging Company of Nevada on the grounds: First, that no assessment or rendition for taxation of its personal property having been made, it cannot be called upon to pay taxes thereon; second, that the property of a nonresident of Texas which has not acquired an actual situs in the state is not subject to taxation in Texas.

The first assignment of error assails the judgment on the ground that there has never been any assessment or rendition of the property of the defendant for taxes, and defendant cannot legally be required to pay taxes on unrendered and unassessed property.

The contention under this assignment is that the inventory and rendition of the property shown by Exhibit A, above set out, shows that the property rendered and upon which the taxes claimed in this suit were assessed was rendered as the property of the North American Dredging Company of Texas, and, there being no evidence showing the assessment of property of this defendant, the North American Dredging Company of Nevada, appellee was not entitled to recover.

The assignment cannot be sustained. The suit was brought against the "North American Dredging Company." The petition alleges that the defendant was incorporated under the laws of the state of Nevada, but the name of the corporation as alleged in the petition is "North American Dredging Company." The appellant answered under the name of North American Dredging Company of Nevada. The answer does not suggest a misnomer of defendant, and there is nothing in the pleadings or evidence showing that there are two North American Dredging Company corporations, one having the name of North American Dredging Company of Texas, and the other North American Dredging Company of Nevada, further than the answer of the defendant, which states its name as North American Dredging Company of Nevada, and the statement in Exhibit A, above set out, in which the name of the property rendered is given as the North American Dredging Company of Texas. Exhibit B, referred to in the agreed statement, is a copy of the assessment roll and shows that the property was assessed as the property of the North American Dredging Company.

[1, 2] While the facts shown by the agreed statement are meager, and the purpose of the agreement appears to have been to obscure rather than disclose the full truth in regard to the ownership and rendition of the property, we think the facts shown are sufficient to sustain the finding of the court that the property rendered and assessed, and upon which the taxes herein claimed are due, was the property of the appellant, and was duly rendered and assessed. Article V of the agreed statement is, we think, an admission that the property upon which the assessment was made, as shown by Exhibit A, was the property of appellant.

[3] We are further of opinion that the allegations in the petition that the "taxes were duly and lawfully rendered and assessed and levied, as shown by Exhibits A and B hereto attached and made a part hereof," in the absence of a special exception, is an allegation that the North American Dredging Company, against whom the suit was brought, made the rendition shown by Exhibit A, and appellant having answered the suit without any objection to the name given in the petition, if the rendition was not made by it or its authority, it should have so pleaded under oath, and, having failed to make such plea, cannot be heard to deny that it made the rendition. Article 1906, subd. 8, Vernon's Sayles' Civil Statutes; article 3710, Vernon's Sayles' Civil Statutes. The second assignment complains of the judgment on the ground that the property upon which the taxes were assessed, being personal property of a nonresident and having no permanent or actual situs in Texas, was not taxable in this state. The agreed statement is as meager in its statement of

facts upon this question as it is upon the question above discussed.

[4, 5] Having reached the conclusion above stated, that the facts are sufficient to sustain the finding that the property was rendered for taxes in Galveston county by the appellant, we do not think the facts stated in article V of the agreed statement are sufficient to show that the property did not have such an actual situs in this state as would make it taxable here. It is well settled that a state has no authority to levy taxes upon personal property of a nonresident temporarily within its borders. Hall v. Miller, 102 Tex. 294, 115 S. W. 1168. It is also well settled by the decisions of the Supreme Court of the United States that as a general rule a vessel plying between ports of different states engaged in coastwise trade has its situs for taxation at the domicile of the owner, unless such vessel has acquired an actual situs in a state other than that of its owner's domicile. Ayer & Lord Tie Co. v. Kentucky, 202 U. S. 409, 26 Sup. Ct. 679, 50 L. Ed. 1082, 6 Ann. Cas. 205; Southern Pacific Company v. Kentucky, 222 U. S. 63, 32 Sup. Ct. 13, 56 L. Ed. 96.

In the case of North American Dredging Co. v. Taylor, 56 Wash. 565, 106 Pac. 162, 29 L. R. A. (N. S.) 105, it was held that a dredge which had been built in a harbor of one state and remained there two years had a taxable situs there, though its owner's domicile was in another state.

[6] The property was here and was rendered for taxation by the defendant, and if it could relieve itself of liability for taxes assessed on its voluntary rendition without pleading mistake, the burden was on it to show that the property was not taxable in this state.

It is not shown how long the dredge had remained here, not shown that it was ever used elsewhere than in Galveston county. It is stated that defendant's business "consists of using its dredgeboats for dredging purposes in all navigable waters of the various states of the United States and in foreign countries and waters." We think these facts fall far short of showing that the property did not have an actual situs in Galveston county.

Our conclusion upon the whole record is that the trial court did not err in rendering the judgment, and it is therefore affirmed.

Affirmed.