**TACOMA ORIENTAL S. S. CO. v. TALLANT,**
County Treasurer, et al.
No. 455.

District Court, W. D. Washington, S. D.
July 15, 1931.

As Amended Sept. 23, 1931.

360

In brief, the facts as stipulated are:

That the secretary of the complainant would testify that the officers and directors of the complainant and the owners of all but 1,200 of its 5,000 shares of stock reside at Tacoma, Wash.; that all directors' meetings and all shareholders' meetings, save the first, have been held at Tacoma; that complainant purchased certain vessels from the United States through the United States Shipping Board; that a portion of the purchase price still unpaid is secured by a mortgage thereon; that the principal place of business of the company is at Reno, Nev.; that the steamships of the complainant have been and now are engaged exclusively in foreign commerce between the ports of Puget Sound and North China and Japan, and Puget Sound and South China, Japan, and the Philippines, and San Francisco and the oriental ports just above mentioned; that it was part of the consideration for the sale of said vessels by the government of the United States, acting through the United States Shipping Board, that the complainant was required to and it did contract and agree with the seller to maintain said vessels as common carriers of freight between the Puget Sound ports and the oriental ports above named and at all of said times it has so done; that by said contract it is likewise under binding contract to make not less than twenty-four round voyages per year upon a regular schedule, and the continued operation of all of said vessels is necessary to enable said complainant to keep its said covenant and agreement, and said contract is and will be for several years in full force and effect; that complainant is likewise under long-time contract with the

United States of America, represented by the Postmaster General to carry (and it does carry) the mails of the United States on said vessels between Tacoma and said oriental points and to make the same number of voyages required by the operating contract hereinbefore referred to, and the continued operation of all of said ships is necessary to enable complainant to carry out and perform its said covenants; that each of said contracts above mentioned provides severe penalties to be imposed upon complainant for their breach; that complainant has many commitments as a carrier of freight as to each of said vessels, and the interruption of the continuity and regularity of its voyages or any of them would cause it great loss and damage; that neither the complainant or any of said steamships have at any time engaged in any business other than the foreign business just above mentioned; that complainant does not own or operate any other steamships and is not engaged in any business of any kind at any of the times hereinafter mentioned or now excepting only as herein stated; that complainant operates the vessels in question through an agent, the States Steamship Company, another Nevada corporation; that this agent maintains, in the name of complainant, offices in Tacoma and Seattle; that complainant has agents for and solicits business in Tacoma, Seattle, Vancouver, B. C., San Francisco, Los Angeles, Portland, and Astoria, and also in New York City, and the agents at all of these points have authority to solicit and accept business and issue bills of lading. Supplies are purchased principally in San Francisco, Seattle, and Tacoma, but partly at other ports of call; fuel oil is taken at San Francisco and some other stores are bought there; most of the deck, engine room, and steward stores and supplies are purchased in Seattle and Tacoma and at other points as necessity arises; so far as practicable the policy of the company is to make repairs at Seattle and Tacoma; light repairs are made at Tacoma and dry-docking and heavy repairs at Seattle; some repairs are made in the Orient and at other points of call; crews are usually hired either in Seattle or at Tacoma and are generally signed on at Tacoma.

The method of operating the business is as follows: The vessels take cargo outwardly for the Orient at Coos Bay, Astoria, Grays Harbor, Olympia, Tacoma, Seattle, Everett, Bellingham, and Vancouver, B. C. Occasionally they go to other ports if sufficient inducements offer, but they all call at Puget

Sound ports and at Vancouver, B. C. No intrastate or coastwise business is accepted. A typical case is that of the steamship Tacoma, Voyage 8, just completed, which was as follows: Itinerary: Loaded on Puget Sound (in this instance principally at Tacoma, Seattle, and Vancouver); thence to Yokohama, Osaka, Kobe, Shanghai, Tsingtao, Darien, Taku Bar, Weihaiwei, Hakodate, San Francisco, Portland, Puget Sound.

The complainant company has a desk and some furniture in the office of the secretary in Tacoma, but it pays no office rent itself in Tacoma.

The complainant company pays a tax on the office furniture in the secretary's office in Tacoma. No tax has so far been assessed in Nevada, but the company is advised that its ships are subject to taxation there.

Under the laws of the United States it is necessary for vessels to register and to designate a home port; the complainant did register the said vessels and fixed the port of Tacoma as their home port.

Complainant and defendants further stipulate as to the taxes claimed by the taxing officers for the years 1929, 1930, and 1931.

Among other citations by the complainant are the following: Title 46, USCA § 11 (42 Stat. 947); Title 46, USCA §§ 17 and 18 (Rev. Stat. § 4141 and 43 Stat. 947); Title 46, USCA § 45; Ayer & Lord Tie Co. v. Kentucky, 202 U. S. 409, 26 S. Ct. 679, 50 L. Ed. 1082, 6 Ann. Cas. 205; Southern Pacific Co. v. Commonwealth of Kentucky, 222 U. S. 63, 32 S. Ct. 13, 56 L. Ed. 96; St. Louis v. Wiggins Ferry Co., 11 Wall. 423, 20 L. Ed. 192; Morgan v. Parham, 16 Wall. 471, 21 L. Ed. 303; California Shipping Co. v. City & County of San Francisco, 150 Cal. 145, 88 P. 704; Pacific Cold Storage Co. v. Pierce County, 85 Wash. 629, 149 P. 34; Old Dominion Steamship Co. v. Virginia, 198 U. S. 299, 25 S. Ct. 686, 49 L. Ed. 1059, 3 Ann. Cas. 1100; Hays v. Pacific Mail Steamship Co., 17 How. 596, 15 L. Ed. 254; Callender Navigation Co. v. Pomeroy, 61 Or. 343, 122 P. 758, 763; North Western Lumber Co. v. Chehalis, 25 Wash. 95, 64 P. 909, 54 L. R. A. 212, 87 Am. St. Rep. 747; North American Dredging Co. v. Taylor, Treasurer of Chehalis County, 56 Wash. 565, 106 P. 162, 29 L. R. A. (N. S.) 105; United States Whaling Co. v. King County, 96 Wash. 434, 165 P. 70.

Defendants cite: Article 7, §§ 1, 2, and 3, Constitution of the State of Washington; chapter 130, § 5, Laws of Extraordinary Session, State of Washington for 1925; sections 8 and 17, c. 130, Laws of Extraordinary Session of 1925; United States Whaling Co. v. King County, 96 Wash. 434, 165 P. 70; Northwestern Lumber Co. v. Chehalis County, 25 Wash. 95, 64 P. 909, 54 L. R. A. 212, 87 Am. St. Rep. 747; North American Dredging Co. v. Taylor, 56 Wash. 565, 106 P. 162, 29 L. R. A. (N. S.) 105; Ayer & Lord Tie Co. v. Kentucky, 202 U. S. 409, 26 S. Ct. 679, 50 L. Ed. 1082, 6 Ann. Cas. 205; Yost v. Lake Erie Transportation Co. (C. C. A.) 112 F. 746; United States v. Billings (C. C.) 190 F. 359, 367; Southern Pacific Co. v. Kentucky, 222 U. S. 63, 32 S. Ct. 13, 56 L. Ed. 96; Hays v. Pacific Mail S. S. Co., 17 How. 596, 15 L. Ed. 254; Old Dominion S. S. Co. v. Virginia, 198 U. S. 299, 25 S. Ct. 686, 49 L. Ed. 1059, 3 Ann. Cas. 1100; Gromer v. Standard Dredging Co., 224 U. S. 362, 32 S. Ct. 499, 56 L. Ed. 801; Blodgett v. Silberman, 277 U. S. 1, 48 S. Ct. 410, 72 L. Ed. 749, at page 760; Frick v. Pennsylvania, 268 U. S. 473, 45 S. Ct. 603, 69 L. Ed. 1058, 42 A. L. R. 316.

Hayden, Langhorne & Metzger, of Tacoma, Wash., for complainant.

Bertil E. Johnson, Pros. Atty., and D. D. Schneider, Asst. Pros. Atty., both of Tacoma, Wash., for defendants.

CUSHMAN, District Judge.

No question is made as to the propriety of injunctive relief in case the court finds the property in question not subject to the taxes claimed.

Section 17 of chapter 130, Session Laws of the State of Washington, Extraordinary Session of 1925, page 238 (1927 Supplement of Remington's Compiled Statutes of Washington, Section 11097—17), provides: "All vessels of every class which are by law required to be registered, licensed or enrolled, must be assessed and the taxes thereon paid only in the county of their actual situs: Provided, that such interest shall be taxed but once. All boats and small craft not required to be registered must be assessed in the county of their actual situs."

Defendants contend that while the general rule may be that for purposes of taxation personal property is to be taxed only at the domicile of the owner, that in the present case the ships in question have obtained an actual situs in the waters of the state of Washington, subjecting them to the taxes levied and claimed. With this contention the court is unable to agree. There is nothing

362

disclosed in this case to show that they actually have acquired such situs nor to take this case out of the rule announced in the following: Southern Pacific Co. v. Kentucky, 222 U. S. 63, 32 S. Ct. 13, 56 L. Ed. 96; Ayer & Lord Co. v. Kentucky, 202 U. S. 409, 26 S. Ct. 679, 50 L. Ed. 1082, 6 Ann. Cas. 205; Hays v. Pacific Mail Steamship Co., 17 How. (58 U. S.) 596, 15 L. Ed. 254; Morgan v. Parham, 16 Wall. (83 U. S.) 471, 21 L. Ed. 303; St. Louis v. Ferry Co., 11 Wall. (78 U. S.) 423, 20 L. Ed. 192.

The present case is to be distinguished from Old Dominion Steamship Co. v. Virginia, 198 U. S. 299, 25 S. Ct. 686, 49 L. Ed. 1059, 3 Ann. Cas. 1100. In the latter case the vessels were used upon navigable waters, all within Virginia.

The decisions of the Supreme Court of Washington, cited and relied upon by defendants, are not opposed to the conclusion reached. In North American Dredging Co. v. Taylor, 56 Wash. 565, 106 P. 162, 29 L. R. A. (N. S.) 105, involving taxes upon a steam dredger, the dredger was built and used wholly within the state of Washington.

In North Western Lumber Co. v. Chehalis County, 25 Wash. 95, 64 P. 909, 54 L. R. A. 212, 87 Am. St. Rep. 747, the tugs taxed had been engaged in plying wholly within the waters of the state. In the course of the opinion in that case the court said, at page 103 of 25 Wash., 64 P. 909, 911: "The evidence discloses that for from four to seven years the three tugs have been at Hoquiam, in Chehalis county; that their business has been towing in the waters of Gray's and Willapa harbors in this state. * * *"

In United States Whaling Co. v. King County, 96 Wash. 434, page 438, 165 P. 70, 71, concerning the whaling vessels taxed, the court said: "But the vessels are not common carriers in any sense of the term. They are fishing vessels, nothing more. They have but one home port. From this port they are fitted out and equipped for the only voyages in which they engage, and to it they return when the purposes of the voyages are accomplished. The business in which they are engaged occupies them less than half the year, and for the remainder of the year they are moored at their home port, where they receive the benefits and protection of the laws of the state. Clearly, it seems to us, if tangible personal property in the form of seagoing vessels can ever acquire a situs apart from the domicile of its owner, these vessels have acquired such a situs. This being so, they are subject to taxation at the place of the acquired situs."

No contention is made that the vessels would be subject to a tax both in Nevada and Washington. In Farmers' Loan Co. v. Minnesota, 280 U. S. 204, at page 212, 50 S. Ct. 98, 100, 74 L. Ed. 371, 65 A. L. R. 1000, the court said: "We have determined that in general intangibles may be properly taxed at the domicile of their owner, and we can find no sufficient reason for saying that they are not entitled to enjoy an immunity against taxation at more than one place similar to that accorded to tangibles."

The decree will be for the complainant, to be settled upon notice.

The clerk will notify the attorneys for the parties of this decision.