[No. 37221. Department Two. June 3, 1965.]

ALASKA FREIGHT LINES, INC., *Respondent,* v. KING COUNTY *et al., Appellants.*\*

*Charles O. Carroll, James J. Caplinger,* and *William L. Paul, Jr.,* for appellants.

*Aiken, St. Louis & Steere,* by *Robert C. St. Louis* and *Charles E. Siljeg,* for respondent.

\*Reported in 402 P.2d 670.

HAMILTON, J.—Alaska Freight Lines, Inc., is an Alaskan corporation qualified to do business in this state. It is engaged in interstate land and water carriage of freight by motor truck and ocean going tugs and barges, between Anchorage, Fairbanks, Seattle, and other points along the Pacific Coast. Its articles of incorporation designate Fairbanks, Alaska, as its principal place of business, although the company maintains terminal facilities and offices in Anchorage and Fairbanks, Alaska, and in Seattle, King County, Washington.

The treasurer of King County assessed and levied unapportioned personal property taxes upon the company's ocean going tugs and barges for the years 1958 through 1961 and undertook to enforce collection. The company initiated this suit to restrain such collection, alleging that the vessels involved had not acquired a taxable situs in the state of Washington. The trial court enjoined collection of the tax for the reason alleged. The treasurer of King County appeals.

The sole issue presented upon this appeal is whether the trial court erred in finding and concluding that the tugs and barges did not have a sufficient taxable situs in the state of Washington to support the ad valorem taxes imposed. No theory of apportionment of the tax is urged or argued. Neither are we confronted with any issue arising out of RCW 84.36.080.[1]

From the undisputed evidence presented, the trial court entered the following unchallenged findings of fact:

That all of the said vessels owned by the plaintiff are used in interstate commerce between the State of Washington and the State of Alaska, as well as from other ports along the west coast of the United States to ports in Alaska. Finding of Fact No. 6.

That the plaintiff has a terminal and office on the Duwamish River in Seattle, Washington, as well [as]

[1]"All ships and vessels taxable in the state of Washington, engaged in interstate commerce, foreign commerce or commerce between ports of the state of Washington and the high seas, shall be and are hereby made exempt from all ad valorem taxes, except taxes levied for any state purpose." RCW 84.36.080.

terminals and offices in the cities of Anchorage and Fairbanks, Alaska. That in a typical month the plaintiff employs approximately 270 persons, of whom approximately 90 are employed and work in the Seattle office. Finding of Fact No. 7.

That, although the plaintiff is engaged solely in interstate commerce, being the shipment of freight between Alaska and other states of the United States, it has qualified to do business in the State of Washington and pays various taxes to the State of Washington, as well as the County of King and City of Seattle. Finding of Fact No. 8.

That the principal operation of the plaintiff is between the ports of Seattle and Anchorage and such freight is moved by barges which, in turn, are towed by seagoing tugs. Said marine portion of plaintiff's operations are regulated by the Federal Maritime Commission, with which Agency the plaintiff has filed tariffs pursuant to law. That plaintiff's trucking operations in the State of Washington are governed by the Interstate Commerce Commission and cover, essentially, the greater Seattle area for the pickup of goods destined for shipment to Alaska or the delivery of goods received from Alaska. That, in addition, the plaintiff has temporary authority from the Interstate Commerce Commission for the pickup and delivery of goods throughout central and southwest Alaska, as well as over the length of the Alcan Highway. That the highways traveled by plaintiff's trucks outside the State of Washington exceed approximately 5000 miles. That the plaintiff's tugs and barges operate in the waters of the State of Washington for approximately 100 nautical miles and in foreign waters and waters of the State of Alaska for approximately 1500 nautical miles. That the tugs and barges of the plaintiff are in almost constant use except when laid up for repairs or when being loaded or unloaded. That said vessels are outside the waters of the State of Washington more than they are in the waters of the State of Washington. That the vessels hereinabove mentioned are registered with the Bureau of Customs at Seattle, Washington, and have Seattle, Washington, as their home port. Finding of Fact No. 9.

That not more than 5% of the capital stock of the corporation is owned by a Washington resident, not more than 10% is owned by two Oregon residents, and the

remainder of the stock is owned by residents of the State of Alaska. That the president of plaintiff corporation is a resident of Anchorage, Alaska, and offices there. That the two vice-presidents of plaintiff are residents of Fairbanks, Alaska. That the secretary-treasurer and assistant ·secretary-treasurer are residents of Seattle, Washington, and office in Seattle. That all the directors of the corporation are residents of the State of Alaska. That excluding the tugs and barges hereinabove mentioned and excluding real estate, the value of the plaintiff's personal property in Alaska is at least equal to or more than the value of plaintiff's personal property in the State of Washington. Finding of Fact. No. 10.

From these findings the trial court determined and concluded that the vessels involved had not acquired a sufficient situs in King County, Washington, to support the unapportioned ad valorem tax imposed.

■ The general rule has been long and variously announced to be that an ocean going vessel, regularly plying the high seas in the course of interstate commerce, can only be taxed at the domicile of the owner, unless the vessel has acquired an actual situs elsewhere. *Hays v. Pacific Mail S.S. Co.,* 58 U. S. (17 How.) 596, 15 L. Ed. 254 (1855); *Morgan v. Parham,* 83 U. S. (16 Wall.) 471, 21 L.Ed. 303 (1873); *Old Dominion S. S. Co. v. Virginia,* 198 U. S. 299, 49 L. Ed. 1059, 25 Sup. Ct. 686 (1905); *Southern Pac. Co. v. Kentucky,* 222 U. S. 63, 56 L. Ed. 96, 32 Sup. Ct. 13 (1911); *North Western Lbr. Co. v. Chehalis Cy.,* 25 Wash. 95, 64 Pac. 909 (1901); *North American Dredging Co. v. Taylor,* 56 Wash. 565, 106 Pac. 162 (1910); *United States Whaling Co. v. King Cy.,* 96 Wash. 434, 165 Pac. 70 (1917); *Petroleum Nav. Co. v. King Cy.,* 1 Wn.2d 489, 96 P.2d 467 (1939); *Guinness v. King Cy.,* 32 Wn.2d 503, 202 P.2d 737, 6 A.L.R.2d 1361 (1949).

Strict application of the principle of *mobilia sequuntur personam* has been relaxed to permit, under appropriate circumstances, tax apportionment between states with respect to vessels plying inland waters. Such modification, however, has not been extended as yet to vessels traveling the ocean highways. *Ott v. Mississippi Valley Barge Line*

*Co.*, 336 U. S. 169, 93 L. Ed. 585, 69 Sup. Ct. 432 (1949); *Standard Oil Co. v. Peck*, 342 U. S. 382, 96 L. Ed. 427, 72 Sup. Ct. 309, 26 A.L.R.2d 1371 (1952); *Smith v. State*, 64 Wn.2d 323, 391 P.2d 718 (1964).

■ For an ocean going vessel, regularly traveling the high seas in the course of interstate commerce, to acquire an actual situs in a nondomiciliary state, for unapportioned ad valorem tax purposes, requires a blending of the vessel into the commerce and property of that state in such a fashion as to amount to an incorporation of the vessel into the personal property thereof upon a more or less permanent or indefinite basis. *Hays v. Pacific Mail S.S. Co., supra*; *Morgan v. Parham, supra*; *Southern Pac. Co. v. Kentucky, supra; North American Dredging Co. v. Taylor, supra*; *Guinness v. King Cy., supra*. Registration or enrollment of the vessel in a nondomiciliary state for the sake of convenience or in pursuit of a favorable tax atmosphere, while a circumstance to be considered, is not controlling. *Southern Pac. Co. v. Kentucky, supra*. Neither is the fact that the nonresident owner may maintain docking and servicing facilities in the nondomiciliary state a factor of compelling significance. *Hays v. Pacific Mail S.S. Co., supra*.

Applying the law, as we conceive it to be, to the facts as presented to and found by the trial court, we conclude that the trial court correctly determined that the vessels in question had not acquired a sufficient taxable situs in King County to support the tax imposed.

The judgment is affirmed.

DONWORTH, FINLEY, WEAVER, and OTT, JJ., concur.

———————

July 13, 1965. Petition for rehearing denied.