336 U.S. 169 (1949)
OTT, COMMISSIONER OF PUBLIC FINANCE, ET AL.
v.
MISSISSIPPI VALLEY BARGE LINE CO. ET AL.
No. 244.
Supreme Court of United States.
Argued January 5, 1949.
Decided February 7, 1949.
APPEAL FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT.
*170 Howard W. Lenfant argued the cause for appellants. With him on the brief were Bolivar E. Kemp, Attorney General of Louisiana, Henry G. McCall and Henry B. Curtis.
Arthur A. Moreno argued the cause for appellees. With him on the brief was Selim B. Lemle.
MR. JUSTICE DOUGLAS delivered the opinion of the Court.
Appellees are foreign corporations which transport freight in interstate commerce up and down the Mississippi and Ohio Rivers under certificates of public convenience and necessity issued by the Interstate Commerce Commission. Each has an office or agent in Louisiana but its principal place of business is elsewhere. The barges and towboats which they use in this commerce are enrolled at ports outside Louisiana; but they are not taxed by the States of incorporation.
In the trips to Louisiana a tugboat brings a line of barges to New Orleans where the barges are left for unloading and reloading. Then the tugboat picks up loaded barges for return trips to ports outside that State. There is no fixed schedule for movement of the barges. But the turn-arounds are accomplished as quickly as possible *171 with the result that the vessels are within Louisiana for such comparatively short periods of time as are required to discharge and take on cargo and to make necessary and temporary repairs.[1]
Louisiana and the City of New Orleans levied ad valorem taxes under assessments based on the ratio between the total number of miles of appellees' lines in Louisiana and the total number of miles of the entire line.[2] The taxes were paid under protest and various *172 suits, which have been consolidated, were instituted in the District Court by reason of diversity of citizenship for their return, the contention being that the taxes violated the Due Process Clause of the Fourteenth Amendment and the Commerce Clause. The District Court gave judgment for the appellees, holding that the taxes violated the Due Process Clause of the Fourteenth Amendment because the vessels had acquired no tax situs in Louisiana. 68 F. Supp. 30. The Court of Appeals affirmed. 166 F.2d 509. Certiorari having been denied, 334 U.S. 859, the case was brought here by appeal. Judicial Code § 240, 28 U.S.C. § 347 (b), now 28 U.S.C. § 1254.
It is argued that the rule of tax apportionment for rolling stock of railroads in interstate commerce which was introduced by Pullman's Car Co. v. Pennsylvania, 141 U.S. 18, should be applied here. In that case a nondomiciliary State was allowed to tax an interstate rail *173 carrier by taking as the basis of assessment such proportion of its capital stock as the number of miles of railroad over which its cars ran within the State bore to the total number of miles in all the States.[3] The Court of Appeals thought that case and its offspring inapplicable because of our decisions in Hays v. Pacific Mail S.S. Co., 17 How. 596; St. Louis v. Ferry Co., 11 Wall. 423; Morgan v. Parham, 16 Wall. 471; Ayer & Lord Tie Co. v. Kentucky, 202 U.S. 409; and Southern Pacific Co. v. Kentucky, 222 U.S. 63. Some of these cases involved vessels which moved on the high seas. Hays v. Pacific Mail S.S. Co., supra; Morgan v. Parham, supra; Southern Pacific Co. v. Kentucky, supra. Others involved vessels moving in our inland waters, St. Louis v. Ferry Co., supra; Ayer & Lord Tie Co. v. Kentucky, supra. In each situation the Court evolved the rule that the vessels were taxable solely at the domicile of the owner, save where they had acquired an actual situs elsewhere as they did when they operated wholly on waters within one State. Old Dominion S.S. Co. v. Virginia, 198 U.S. 299. So far as ships of American ownership and registry sailing the high seas are concerned, it was thought that if they were not taxable at the domicile they might not be taxable at all. See Southern Pacific Co. v. Kentucky, supra, at 75. But in neither situation was the element of apportionment involved or considered.
We do not reach the question of taxability of ocean carriage but confine our decision to transportation on *174 inland waters. We see no practical difference so far as either the Due Process Clause or the Commerce Clause is concerned whether it is vessels or railroad cars that are moving in interstate commerce. The problem under the Commerce Clause is to determine "what portion of an interstate organism may appropriately be attributed to each of the various states in which it functions." Nashville, C. & St. L.R. Co. v. Browning, 310 U.S. 362, 365. So far as due process is concerned the only question is whether the tax in practical operation has relation to opportunities, benefits, or protection conferred or afforded by the taxing State. See Wisconsin v. J.C. Penney Co., 311 U.S. 435, 444. Those requirements are satisfied if the tax is fairly apportioned to the commerce carried on within the State.
There is such an apportionment under the formula of the Pullman case. Moreover, that tax, like taxes on property, taxes on activities confined solely to the taxing State,[4] or taxes on gross receipts apportioned to the business carried on there,[5] has no cumulative effect caused by the interstate character of the business. Hence there is no risk of multiple taxation. Finally, there is no claim in this case that Louisiana's tax discriminates against interstate commerce. It seems therefore to square with our decisions holding that interstate commerce can be made to pay its way by bearing a nondiscriminatory share of the tax burden which each State may impose on the activities or property within its borders. See Western Live Stock v. Bureau, 303 U.S. 250, 254-255, and cases cited. *175 We can see no reason which should put water transportation on a different constitutional footing than other interstate enterprises.
It is argued that the doctrine of the Pullman case is inapplicable here because its basis is the continuous protection afforded by the taxing State throughout the tax year to a portion of the commerce. See 141 U.S. at 26; Union Transit Co. v. Kentucky, 199 U.S. 194, 206; New York Central R. Co. v. Miller, 202 U.S. 584, 597-598; Northwest Airlines v. Minnesota, 322 U.S. 292, 297. It is said in this case that the visits of the vessels to Louisiana were sporadic and for fractional periods of the year only and that there was no average number of vessels in the State every day. The District Court indeed said that there was no showing that the particular portion of the property sought to be taxed was regularly and habitually used and employed in Louisiana for the whole of the taxable year.
We do not stop to resolve the question. Louisiana's Attorney General states in his brief that the statute "was intended to cover and actually covers here, an average portion of property permanently within the State  and by permanently is meant throughout the taxing year." Appellees do not suggest an absence of any administrative or judicial remedy in Louisiana to correct errors in the assessment. Cf. Hillsborough v. Cromwell, 326 U.S. 620. The District Court does not sit to police them. See Great Lakes Co. v. Huffman, 319 U.S. 293; Arkansas Commission v. Thompson, 313 U.S. 132; Gardner v. New Jersey, 329 U.S. 565, 578-579.
Reversed.
MR. JUSTICE JACKSON dissents.
NOTES
[1] The District Court found that of the total time covered by appellees' interstate commerce operations in 1943, the amount spent by their vessels in Louisiana or in New Orleans was approximately as follows:

 Per cent
 American's tugboats ............................... 3.8
 Mississippi Valley's tugboats ..................... 17.25
 Mississippi Valley's barges ....................... 12.7

Similar findings for 1944 were:

 Mississippi Valley's tugboats ..................... 10.2
 Mississippi Valley's barges ....................... 17.5
 Union's tugboats .................................. 2.2
 Union's barges .................................... 4.3

[2] The statute, 6 Dart's La. Gen. Stat. § 8370, provides in part as follows:

"(a) . . . All movable and regularly moved locomotives, cars, vehicles, craft, barges, boats and similar things, which have not the character of immovables by their nature or by the disposition of law, either owned or leased for a definite and specific term stated and operated (such, illustratively but not exclusively, as the engines, cars and all rolling stocks of railroads; the boats, barges and other water-craft and floating equipment of water transportation lines);. . . .
.....
"(f). The `movable personal property' of such persons, firms, or corporations, whose line, route, or system is partly within this state and partly within another state or states, shall be by the commission valued for the purposes of taxation and by it assessed; and such assessment by it fairly divided, allocated and certified to each such parish and municipality as herein defined, within this state, within, through or under which same be operated; said division, allocation and certification to be determined in the following manner and according to the following method; such assessment to be there subject to all state taxes and to all parish taxes and to all municipal taxes, as same are herein defined and to none other.
"1. The portion of all of such property, of such person, firm or corporation shall be assessed in the state of Louisiana, wheresoever, in the ratio which the number of miles of the line, within the state bears to the total number of miles of the entire line, route or system, here and elsewhere, over which such movable personal property is so operated or so used by such person, firm or corporation.
.....
"(g). For the purposes of such valuation, assessment and taxation in Louisiana such parishes and municipalities shall be hereby fixed and declared, respectively, to be a taxable situs in this state of such movable personal property, whether same be operated entirely within or partly within and partly without this state and whether said taxpayer be a resident or a nonresident of Louisiana and irrespective of whether or not here domiciled locally or otherwise."
[3] And see Pittsburgh, C., C. & St. L.R. Co. v. Backus, 154 U.S. 421; Adams Express Co. v. Ohio, 165 U.S. 194, 166 U.S. 185; American Express Co. v. Indiana, 165 U.S. 255; Adams Express Co. v. Kentucky, 166 U.S. 171; Union Transit Co. v. Kentucky, 199 U.S. 194; New York Central R. Co. v. Miller, 202 U.S. 584; Wells, Fargo & Co. v. Nevada, 248 U.S. 165; St. Louis & E. St. L.R. Co. v. Hagerman, 256 U.S. 314; Southern R. Co. v. Watts, 260 U.S. 519; Rowley v. Chicago & N.W.R. Co., 293 U.S. 102; Nashville, C. & St. L.R. Co. v. Browning, 310 U.S. 362.
[4] New York, L.E. & W.R. Co. v. Pennsylvania, 158 U.S. 431; Utah Power & L. Co. v. Pfost, 286 U.S. 165; Coverdale v. Arkansas-Louisiana Pipe L. Co., 303 U.S. 604.
[5] Maine v. Grand Trunk R. Co., 142 U.S. 217; Wisconsin & M.R. Co. v. Powers, 191 U.S. 379; United States Express Co. v. Minnesota, 223 U.S. 335; Cudahy Packing Co. v. Minnesota, 246 U.S. 450; Illinois Central R. Co. v. Minnesota, 309 U.S. 157.