**BOARD OF EDUCATION OF CATLETTS-BURG, Kentucky, et al., Appellants,**

v.

**ASHLAND OIL & REFINING COMPANY, a Corporation, et al., Appellees.**

Court of Appeals of Kentucky.

June 9, 1961.

As Modified on Denial of Rehearing
Nov. 17, 1961.

Frank C. Malin, Ashland, John L. Smith, James E. Adkins, Catlettsburg, for appellants.

McDonald & McDonald, Lexington, S. McBrayer Burnam, Howard Van Antwerp, Jr., Howard Van Antwerp, III, Ashland, for appellees.

MILLIKEN, Judge.

The basic issue on this appeal is whether Ashland Oil & Refining Company's boats and barges have a taxable situs in the City of Catlettsburg. The chancellor found that they had no tax situs in Catlettsburg, and, consequently, that they could not be taxed there.

Ashland Oil (hereinafter referred to as the "Company") is a domestic corporation domiciled in Boyd County, Kentucky, with its principal office in the City of Ashland which immediately adjoins the City of Catlettsburg on the Ohio River. For the years involved in this litigation the Company has listed its property for purposes of taxation in the Boyd County School District where two of its principal refineries and some port facilities are located. There are four school districts (including the City of Ashland and the City of Catlettsburg) in Boyd County, only two of which are before the Court—the Board of Education of the City of Catlettsburg, which seeks to tax the Company's marine equipment, and the Boyd County School District. The chancellor did not decide directly which of the school districts of Boyd County was entitled to the tax revenue from the boats and barges, but only that the City of Catlettsburg was not entitled to them.

The Board of Education of Catlettsburg largely bases its claim upon the theory that since the Company is domiciled in Boyd County and its allegedly principal port in the County is located in the City of Catlettsburg, then Catlettsburg is the only logical place in the County in which an actual situs for this marine equipment could be established.

The Company's boats and barges ply the Ohio and Mississippi from Pittsburgh and St. Paul, respectively, to the Gulf of Mexico, transporting crude oil and finished products of the Company; they are in almost constant motion, stopping only for loading, unloading and repairs, most of which activities occur at ports other than Catlettsburg. From a factual standpoint, the Catlettsburg Board does not appear to quarrel with the data used by the chancellor in support of his findings, but does question his conclusion that no actual situs or domiciliary situs of the boats and barges was established in Catlettsburg. For that reason we will not unduly lengthen this opinion with a detailed recital of data, but will confine ourselves to whether the chancellor's conclusion of law—that the equipment has no tax situs in Catlettsburg—is correct.

In order to justify the taxation of property it must have an actual situs within the taxing unit or have some legal nexus such as domicile to tie it to the taxing unit. From a factual standpoint we cannot find the business situs of this roving equipment in Catlettsburg. Furthermore, in Ashland Oil & Refining Company v. Department of Revenue (1953), Ky., 256 S.W. 2d 359, we held that the situs of the boats is the domicile of the taxpayer in Boyd County. Since the evidence does not establish the domicile of the Company to be in Catlettsburg, it follows that the tax situs cannot be placed there on that theory. We did not find it necessary in that case to locate the domicile more specifically in Boyd County, but we did conclude that the situs and the domicile were the same so far as the boats were concerned. That opinion is equally dispositive of the suggestion that the taxation of the boats and barges could be separated from and pro rated among the taxing units within Boyd County, for when we refused to permit Greenup County to tax these same boats and barges on a pro rata basis of the mileage along the County to the total mileage traversed along Kentucky, we said:

"* * * This situs (of the boats) is the domicile of the taxpayer (Boyd County). There is no statutory authorization for allocating tangible personal property of a resident taxpayer among several counties and taxing districts where the property has acquired no permanent situs in a county other than the residence of the taxpayer, except with respect to a franchise company under the provisions of KRS 136.-120 and 136.170. If an apportionment method is desirable to the time-honored procedure which has been followed in the past, it is a matter for legislative rather than administrative or judicial correction."

Certainly, this reasoning is equally applicable to apportionment among taxing units within a county. Apportionment of taxation according to pro rata mileage has been permitted among the states for river transport. Ott v. Mississippi Valley Barge Line Company, 1949, 336 U.S. 169, 69 S.Ct. 432, 93 L.Ed. 585, and the principle was applied by us in upholding the taxation of the vessels of a *foreign* corporation plying the Ohio River along Kentucky. Reeves v. Island Creek Fuel & Transportation Company, 1950, 313 Ky. 400, 230 S.W. 2d 924. But, as indicated in Ashland Oil & Refining Company v. Department of Revenue, above, we will not apply the apportionment theory where there is no suitable or convenient standard for applying it.

Because of our conclusion that the chancellor correctly decided that the boats and barges had no tax situs in Catlettsburg, we do not find it necessary to discuss certain questions of procedure raised in this lengthy litigation which started in 1953.

The judgment is affirmed.