

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 22, 1974

The Honorable Giles E. Miller
Assistant District Attorney
Dallas County
6th Floor Records Building
Dallas, Texas   75202

Opinion No. H- 281

Re: Validity of apportionment
formula used by Board of Equali-
zation to determine taxable value
of airline flight equipment.

Dear Mr. Miller:

You have asked our opinion as to the validity of the apportionment
formula used by the Dallas County Board of Equalization in taxing the
flight  equipment of interstate air carriers.

Pursuant to statutory authority, Dallas County imposes an ad
valorem property tax on interstate air carriers residing within its borders.
Article 7153, V. T. C. S. . The tax on flight equipment is computed under a
formula based on the percentage of miles flown within the state compared
to total miles flown both within and without the state.

Your question to us is whether it is correct for the Board of Equali-
zation to use this formula to the exclusion of any other.   The answer is
not simple.

Article 1, Sec. 8 of the Constitution of the United States, in the so-
called Commerce Clause, grants to the Congress the power "To regulate
Commerce with foreign Nations, and among the several States, and with
the Indian Tribes. "  No tax laid by a state may unduly burden interstate
commerce.   However, the fact that aircraft is used in interstate or foreign
commerce does not itself render it immune or exempt from non-discriminatory
local taxation.   See Annotation, 31 L. Ed. 2d 975 (1973) "Validity, under
Commerce Clause of Federal Constitution, of State Tolls or Taxes on,
or Affecting, Interstate or Foreign Air Carriers or Passengers. "

Aircraft engaged in foreign commerce are subject to the "home-port" doctrine that originally held that a vessel engaged in foreign commerce, plying international waters, could only be taxed by the jurisdiction of its home port -its true domicile- and that the jurisdiction of such domicile could tax on a full value basis. Scandinavian Airlines System, Inc. v. County of Los Angeles,   363 P. 2d 25 (Cal. 1961) cert. den. 368 U. S. 899 (1961).

The home port doctrine does not apply, however, to aircraft engaged in interstate commerce. Braniff Airways, Inc. v. Nebraska State Board of Equalization and Assessment,   347 U. S. 590 (1954). Nevertheless, a similar doctrine was applied in Northwest Airlines, Inc. v. Minnesota, 322 U. S. 292 (1944) where the airline did not urge that it would or could be taxed by jurisdictions other than that of its home port.

However, in determining the degree to which the flight equipment of interstate airlines may be taxed, a distinction must be made between taxes levied by the jurisdiction of the home port and those where the aircraft merely touch down, at terminals along their routes - terminal jurisdiction.

Because airlines engaged in interstate commerce are subject to the taxing jurisdiction of more than one state, the full value of their flight equipment normally may not constitutionally be subjected to the property tax by any one jurisdiction. In a long line of decisions, the Supreme Court has held that, as a matter of due process, state taxes on interstate commerce must be reasonably related to the opportunities, benefits, or protection which the taxing state provides. Braniff Airways, Inc. v. Nebraska State Board of Equalization and Assessment,   supra; Standard Oil Co. v, Peck, 342 U. S. 382 (1952); and Ott v. Mississippi Valley Barge Line Co. ,   336 U. S. 169 (1949). The requirements of due process are satisfied if the state tax is fairly apportioned to the commerce carried on within the state. Ott v. Mississippi Valley Barge Line Co. ,   336 U. S. at 174. The rule that requires taxation of interstate commerce by several states to be on an apportioned basis in effect precludes taxation of the full value of an interstate business' property by any one terminal jurisdiction. Standard Oil Co. v. Peck, 342 U. S. at 384.

Texas has no uniform apportionment rule; the formula to be used is within the discretion of the local taxing authority.  Attorney General Opinion WW-818 (1960).   All that is required is that the formula selected comport with the traditional requirements of due process, e.g. that it be reasonably related to the opportunities, benefits, or protection conferred or afforded by the taxing state.  Ott v. Mississippi Valley Barge Line Co.,   336 U.S. at 174.   In Greyhound Lines, Inc. v. Board of Equalization,  419 S.W. 2d 345 (Tex. 1967), the Texas Supreme Court had occasion to consider the validity of an apportionment formula based on mileage travelled within the state as applied to the property of an interstate bus company.  The Court held that such a formula fully satisfied all federal due process requirements and approved its use by the Board.  Greyhound Lines,  supra at 352.  But while an apportionment formula based on mileage travelled within the state is properly applicable to interstate bus companies engaged in surface travel, its applicability to air travel has raised some question.  See Pan American World Airways, Inc. v. Virgin Islands, 315 F. Supp. 74b (D.C., Virgin Is. 1970) and Flying Tiger Line v. County of Los Angeles, 333P. 2d 323 (Cal. 1959) (dissenting opinion).   All miles logged by an interstate bus company are presumably subject to tax in some jurisdiction.  The miles flown by an interstate airline are not necessarily all subject to tax in some jurisdiction, however, because the mere use of air space over neighboring states, without more, is insufficient contact to support taxation by those states.  Braniff Airways, supra and Pan American World Airways, supra.

If each state having tax jurisdiction over an interstate airline were to use an apportionment formula based on mileage flown within its borders, then the percentage of that airline's property value corresponding to non-taxable "bridge time" would escape taxation altogether.  A taxing jurisdiction which uses such a formula in effect foregoes the opportunity to tax interstate air carriers to the fullest extent possible and in addition the resulting tax may not be truly commensurate with the percentage of their business done within the state.

This deficiency does not, however, render the Board's use of such a formula in taxing terminal interstate air carriers illegal or improper.  An

apportionment formula based on mileage travelled within the state is sufficiently related to the business done by interstate air carriers within the state to satisfy the due process requirements of the federal and state Constitutions.

However, the Texas Constitution goes further and holds that all taxation must be uniform and equal. Article 8, Sec. 1, Texas Constitution. While taxation of aircraft owned by interstate airlines domiciled elsewhere than Texas, on the basis presently used by the Board of Equalization, as set out in your letter, may satisfy this requirement, we doubt that it does when, because of the inclusion of "bridge time" in the formula, aircraft of Texas domiciled companies are taxed upon far less than the value of their equipment. We believe the Texas Constitution requires the adoption of a formula under which interstate aircraft owned by Texas domiciled companies will be taxed at substantially full value when the taxation by other jurisdictions is taken into consideration. Otherwise intrastate aircraft, which can be taxed at 100% of their value by the Texas county of their domicile, would be unfairly and unequally taxed.

You have not furnished us any facts concerning the actual application of the formula employed by the Dallas Board. Therefore, we should not be understood to hold that the apportionment based on mileage within the state, even as to home-port aircraft, necessarily results in taxation which is not uniform and equal. We do say, however, that the Board, as to all aircraft, but particularly as to home-port aircraft which may not be taxed elsewhere, has an affirmative duty to see that those aircraft and aircraft used in intrastate commerce as well as those used solely in foreign commerce are taxed uniformly and equally.

## SUMMARY

Taxation of aircraft engaged in interstate commerce must be under a formula which bears some relationship to the opportunities, benefits, or protection conferred by the taxing state and which, as to aircraft owned by

companies domiciled in Texas, results at the same time in taxation which is uniform and equal when considering aircraft used in intrastate commerce or solely in foreign commerce. A formula based on miles travelled within the state may satisfy these requirements depending upon the facts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee