[No. 39517-7-II.   Division Two.   January 12, 2010.]

FLIGHT OPTIONS, LLC, *Appellant*, v. THE DEPARTMENT OF REVENUE, *Respondent*.

*Scott M. Edwards* (of *Perkins Coie LLP*); and *Travis A. Exstrom*, for appellant.

*Robert M. McKenna, Attorney General*, and *Brett S. Durbin* and *Heidi A. Irvin, Assistants*, for respondent.

¶1 HOUGHTON, J. — Flight Options LLC appeals the trial court's order granting summary judgment in favor of the Department of Revenue (DOR) on its tax assessment. Flight Options argues that DOR improperly assessed the tax against it because, among other reasons, it does not own the assessed property. We disagree and affirm.

## FACTS

¶2 Flight Options sells fractional interests in jet aircraft that it manages, staffs, and operates from its principal place of business in Ohio. It owns residual interests in the aircraft, and the owners of the fractional interests cannot sell or transfer their shares without Flight Options' permission. After purchasing the aircraft, Flight Options divides them into fractional interests and sells each fraction for approximately $900,000.

¶3 Each fractional owner signs a management agreement, an owner's agreement, and a master interchange agreement. These contracts spell out the rights and obligations of all owners regarding the aircraft fleet and other owners. An owner, depending on the size of the fractional share, is entitled to a specific number of flight hours at a

fixed price per aircraft type. Once the owner exceeds the allotted flight hours, the owner may buy additional hours at an increased cost.

¶4 The fractional owner has no right to use consistently the owner's specific aircraft but agrees to use any available aircraft of the same type. Under the management agreement, Flight Options retains physical possession of the aircraft and remains responsible for all maintenance, insurance, scheduling, fueling, flight planning, and flight crews. All flight crews work for Flight Options.

¶5 Presently, Flight Options maintains a 20 percent aggregate ownership of its 202 jets. In 2004, Flight Options' aircraft made 1,397 takeoffs and landings in Washington. In 2005, Flight Options made 700 landings in Washington, compared with 65,072 total landings for its fleet.

¶6 On June 8, 2005, DOR wrote Flight Options and requested that it complete an annual report required of a Washington state airplane company. After completing the report and submitting it as DOR requested, Flight Options moved for declaratory and injunctive relief in the superior court, arguing that DOR had wrongly assessed taxes. After discovery, both parties moved for summary judgment, and the trial court granted DOR's motion in a letter decision. Our Supreme Court declined to take review of Flight Options' appeal and transferred the matter to us.

ANALYSIS

¶7 Flight Options argues that DOR cannot assess tax against it under the state statutory scheme. Flight Options asserts that (1) it does not own the taxed property, (2) the property lacks a Washington situs, and (3) it is not an inter-county public utility.

Airplane Company Taxation

¶8 Chapter 84.12 RCW governs the assessment and taxation of public utilities. Under the statute, such

utilities include railroads, airplane companies, electric light and power companies, gas companies, and others. RCW 84.12.200. Under RCW 84.12.200(3),

"Airplane company" means and includes any person[1] owning, controlling, operating or managing real or personal property, used or to be used for or in connection with or to facilitate the conveyance and transportation of persons and/or property by aircraft, and engaged in the business of transporting persons and/or property for compensation, as owner, lessee or otherwise.

¶9 All of an airplane company's operating property must be assessed and taxed as personal property. RCW 84.12-.280. Under RCW 84.12.200(12), taxable "operating property" includes all property a company owns or holds as an occupant, lessee, or otherwise. It specifically includes aircraft. Furthermore, the definition of "operating property" expressly provides that when property is used both inside and outside the state, the proportionate share on in-state use be considered "operating property." RCW 84.12.200(12).

¶10 Flight Options first argues that because it does not "own" the aircraft, and because DOR can tax only the owner, DOR invalidly assessed the tax. For support, it cites cases interpreting other chapters of Washington's tax code. In doing so, it ignores the statutory language of chapter 84.12 RCW, which, as we noted, expressly states that any person, owning, controlling, or operating aircraft for compensation is an "airplane company" and that all aircraft owned, held as an occupant, lessee, or otherwise constitutes "operating property." RCW 84.12.200(12). Flight Options retains possession of the aircraft and maintains full operational control. The aircraft are clearly Flight Options' "operating" property under the statutory scheme.

---

[1] RCW 84.12.200(10) specifically provides that Flight Options is a "person" within the meaning of the statute because it is an "individual, firm, copartnership, joint venture, association, corporation, trust, or any other group acting as a unit, whether mutual, cooperative or otherwise, and/or trustees or receivers appointed by any court."

¶11 Flight Options also contends that its lack of owner-ship precludes imposition of the tax under RCW 84.12.210. That statute provides that the "[p]roperty used but not owned by an operating company shall, whether such use be exclusive or jointly with others, be deemed the sole operat-ing property of the owning company." RCW 84.12.210.

¶12 Read in isolation, the statute appears to support Flight Options' argument. But we must read statutes in light of the statutory scheme as a whole. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002). The language quoted from RCW 84.12.210 conflicts with the statutory definition of "operating property," which, as we noted, provides that operating property is any property owned or held by the taxpayer as occupant, lessee, or otherwise. RCW 84.12.200(12). And the statutory definition of "airplane company" includes any person owning, control-ling, operating, or managing personal property used in transportation for compensation. RCW 84.12.200(3). Flight Options' argument does not persuade us because if the leg-islature intended that only owned personal property could constitute operating property, it would have so provided.

¶13 Flight Options next contends that it is not a "public utility" so it is not subject to chapter 84.12 RCW, entitled "Assessment and Taxation of Public Utilities." This argu-ment lacks merit because the chapter clearly defines an airplane company as a public utility for property taxation purposes.[2]

## Washington Situs of Property

¶14 Flight Options finally contends that DOR cannot tax an entity that lacks the requisite Washington situs under

---

[2] Flight Options' argument that the trial court erroneously based its decision on the incorrect assumption that this is a utility excise tax rather than a property tax also lacks merit. In its letter opinion, the trial court wrote that the issue was whether Flight Options was subject to a commercial utilities tax. The trial court clearly applied chapter 84.12 RCW, which describes a property tax. It did not base its decision on the wrong tax, despite its single misstatement.

the Commerce Clause and the Due Process Clause. U.S. CONST. art. I, § 8, cl. 3; U.S. CONST. amend. XIV. DOR counters that Flight Options applies the wrong standard and that when a Washington court analyzes a challenge to the State's ability to impose taxes on property used in interstate commerce, it applies federal law and upholds the taxes so long as the State has fairly apportioned them.

■■ ¶15 When a state fairly apportions an assessment by looking to the value of use of that property within the state, the tax is constitutional under both the Commerce Clause and the Due Process Clause. *Braniff Airways, Inc. v. Neb. State Bd. of Equalization & Assessment*, 347 U.S. 590, 598-600, 74 S. Ct. 757, 98 L. Ed. 967 (1954); *Ott v. Miss. Valley Barge Line Co.*, 336 U.S. 169, 174, 69 S. Ct. 432, 93 L. Ed. 585 (1949).

■ ¶16 Here, under RCW 84.12.200(12), "personal property used partly within and partly without the state . . . includes a proportion of such personal property to be determined as in this chapter provided." This provision accords with the constitutional requirements for proportionate taxation of property within interstate commerce. *Braniff*, 347 U.S. at 599-600; *Ott*, 336 U.S. at 174. Thus, Flight Options' argument fails.

¶17 Affirmed.

VAN DEREN, C.J., and QUINN-BRINTNALL, J., concur.

Review granted at 169 Wn.2d 1025 (2010).